# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAINOA LAWRENCE ALLIANIC ROBB, by and through his guardian ad litem, BRIDGETTE AGUILAR,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:12-cv-02091-SKO<br><br>**ORDER ON PETITION FOR GUARDIAN AD LITEM AND APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket Nos. 4, 5) |

    Plaintiff Kainoa Lawrence Allianic Robb ("Plaintiff") filed a complaint on December 28, 2012, along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 4.) On the same date, Plaintiff, through his attorney, also filed a petition for appointment of his conservator, Bridgette Aguilar, as his guardian ad litem. (Doc. 5.)

    The petition for guardian ad litem indicates that Plaintiff is "gravely disabled as a result of a mental disorder" and that Plaintiff's "interests of person and estate have been assigned to a conservator." (Doc. 5, 1:24-28.) Submitted with the petition is an order by the Kern County Superior Court Metropolitan Division - Juvenile Justice Center that appoints the Kern County Public Conservator as Plaintiff's conservator and includes a Letter of Conservatorship signed by the Kern County Public Conservator Supervising Deputy Conservator, Jeremy Oliver, affirming that he will perform the duties of conservator. (Doc. 5-1.)

1     The petition for guardian ad litem, however, is signed by Bridgette Aguilar, who indicates she is Plaintiff's "appointed conservator" and that she is willing to serve as guardian ad litem. (Doc. 5, 2:5-6, 3:2.) The order appointing conservator by the Kern County Superior Court does not identify Ms. Aguilar but instead appoints Kern County Public Conservator as the conservator. (*See* Doc. 5-1.) It is unclear what connection, if any, Ms. Aguilar has with Kern County Public Conservator. As such, the Court cannot make a determination on Plaintiff's petition for guardian ad litem as Ms. Aguilar fails to adequately establish that she is, in fact, Plaintiff's appointed conservator. Further, the Court cannot make a determination on Plaintiff's application to proceed in forma pauperis until a determination is made on the petition for guardian ad litem, since the application to proceed in forma pauperis is submitted by Ms. Aguilar. (*See* Doc. 4, p. 2.)

    Accordingly, within ten (10) days of the date of this order, IT IS HEREBY ORDERED THAT Plaintiff's proposed guardian ad litem, Ms. Aguilar, submit a declaration indicating either her connection to the court appointed conservator, Kern County Public Conservator, or setting forth what authority she has to act as Plaintiff's conservator if she is not affiliated with Kern County Public Conservator.

IT IS SO ORDERED.

**Dated:   January 2, 2013**                         **/s/ Sheila K. Oberto**
                                                                                                     UNITED STATES MAGISTRATE JUDGE